UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
   TIFFANY ANNE PARKES                 :
                                 **Plaintiff,**   :
       -against-                               :
                                              :     **25-cv-01008 (ALC)**
BRIANNA COLBERT, ERIN                :
CUNNINGHAM, SHANIKA HILLOCKS,   :     **ORDER OF DISMISSAL**
EBONY JOHN, KIMBERLY SPOERRI-      :     **WITH LEAVE TO REPLEAD**
KELLEY, COSMO WHYTE                  :
                                              :
                           **Defendants.**    :
------------------------------------------------------------------X

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff brings this *pro se* action, for which the filing fee has been paid, invoking the Court's federal question and diversity of citizenship jurisdiction. For the reasons below, the Court dismisses the Complaint but grants Plaintiff 30 days' leave to replead her claims in an Amended Complaint.

## STANDARD OF REVIEW

The Court may dismiss a case *sua sponte* if it lacks subject matter jurisdiction. Fed R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative."). While the law mandates dismissal on various grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

1

Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff filed her Complaint on February 4, 2025. ECF No. 1 ("Compl."). Plaintiff's Complaint invokes the Court's jurisdiction on the bases of federal question jurisdiction and diversity of citizenship jurisdiction. In describing which federal constitutional or federal statutory rights were violated, Plaintiff writes "Amendment IV of the U.S. Constitution, 18 U.S.C. § 114, 18 U.S.C. § 351(e), 18 U.S.C. § 1519, 18 U.S.C. § 371." Compl. at 1. With respect to the diversity of citizenship between the Parties, Plaintiff alleges that she is a New York resident and that Defendant Colbert is a Texas resident, Defendants Cunningham and Spoerri-Kelley are New Jersey residents, Defendants Hillocks and John are New York residents, and Defendant Whyte is a California resident. *Id.* at 1–2.

Plaintiff alleges, *inter alia*, that Defendants were involved in disseminating recordings of Plaintiff's private conversations, concerted to sabotage her employment, and harassed her. *Id.* at

4–8.  Moreover, she implicates some of the Defendants in related cases she has filed in the Southern District of New York, but which arise out of different facts.  *Id.* at 6–8.  Notably, she alleges that Defendants Hillocks, Spoerri-Kelley, and John are responsible for a scar in Plaintiff's uterus as a result of events documented in another case in this district.  *Id.* at 8.  She also alleges that all Defendants are responsible or—strong suspects in—her mother's death following years of "psychological abuse, biological warfare, chemical warfare, and harassment."  *Id*. at 6–7.  Plaintiff seeks $600,000,000 to cover punitive damages, pain and suffering, and medical expenses.  *Id.* at 8.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332.  Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.  "[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction."  *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)).

**A.     Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

3

law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734–35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).  Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction.  *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188–89 (2d Cir. 1996).

Plaintiff's allegations, liberally construed, do not suggest a viable claim under any federal law.  Other than citing the Fourth Amendment, Plaintiff does not allege that her Fourth Amendment rights were violated.  Additionally, none of the Defendants are government agents or officials.  Plaintiff also cites various criminal statutes:  18 U.S.C. § 114 (maiming within federal maritime and territorial jurisdiction); 18 U.S.C. § 351(e) (assault of certain federal government officials); 18 U.S.C. § 1519 (destruction, alteration, or falsification of records in federal investigations and bankruptcy); and 18 U.S.C. § 371 (conspiracy to commit an offense against or to defraud the United States).  None of the conduct alleged by Plaintiff deals with the conduct prohibited by these criminal statutes and, more importantly, none of these statutes provide Plaintiff a private right of action.  The Court therefore lacks federal question jurisdiction over this action.

**B.     Diversity of Citizenship Jurisdiction**

Plaintiff also invokes the Court's diversity of citizenship jurisdiction.  However, Plaintiff does not allege facts demonstrating that the Court has diversity jurisdiction of this action.  To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states.  *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).  Diversity jurisdiction requires "complete diversity" of citizenship between the plaintiff(s) and defendant(s); that is, no plaintiff may be a citizen of the same state as any

defendant.  *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *see also* 28 U.S.C. § 1332.

Plaintiff, a New York resident, brought this action against various Defendants including two New York residents, Defendants Hillocks and John.  The Court concludes that there is no complete diversity in this case.

**C.    Leave to Amend**

Plaintiff proceeds in this matter without the benefit of an attorney.  District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Because Plaintiff may be able to allege additional facts demonstrating that the Court has subject matter jurisdiction of this action, the Court grants Plaintiff 30 days' leave to amend her Complaint to detail her claims.  If Plaintiff seeks to bring claims under the Court's federal question jurisdiction, she must allege facts suggesting a viable claim arising under the Constitution, laws, or treaties of the United States.  If she seeks to bring claims under the Court's diversity jurisdiction, she must allege facts demonstrating that she and the Defendants are citizens of different states and that her claims are worth more than the $75,000 jurisdictional minimum.

## CONCLUSION

The Court dismisses the complaint for lack of subject matter jurisdiction, *see* Fed. R. Civ.

P. 12(h)(3), with 30 days' leave to replead. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444– 45 (1962).

The Court respectfully directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

**SO ORDERED.**

**Dated: February 18, 2025**
   **New York, New York**

_____
   **ANDREW L. CARTER, JR.**
   **United States District Judge**